IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

NO.: 2:00CR000012-001BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CONSENT ORDER |
| | ) | |
| KENNETH RAY WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |

The United States of America and the parties listed below have consented to this Order in connection with the Restitution Order entered against Kenneth Ray Williams in a criminal Judgment entered by this Court on October 20, 2013 (D.E. 51).

On November 5, 2013, this Court entered an Order in Garnishment (D.E. 63), ordering the National Basketball Association, NBA Players' Pension Plan to pay "100% of the estimated pension benefit available to the defendant in July 2014" to the United States as partial payment of the restitution previously ordered by this Court.

On June 5, 2014, this Court entered a Consent Order to delay payment of the garnished funds for a period of 60 days to allow the parties to determine the best way to satisfy the Restitution Order.

By signing below, the defendant, Kenneth Ray Williams, represents that he has informed the United States and Ms. Bonner that he has considered taking action in either United States District Court and/or North Carolina District Court challenging the proper amount of the restitution and child support. He is currently acting pro-se, but has consulted with one or more attorneys about this Consent Order.

By signing below, the victim, Crystal Bonner, represents that she has an interest in avoiding additional litigation, and also in obtaining the restitution as soon as possible. Ms. Bonner has been advised of her right to consult with counsel, and has declined to do so, preferring to act pro-se. However, she has consulted with Alden Miller with the Albemarle Child Support Enforcement Agency.

By signing below, the United States represents that it has has communicated to Ms. Bonner and to Mr. Miller that Ms. Bonner has no obligation to take any action whatsoever, and that the United States will aggressively enforce the Restitution Order. The United States has also advised her, however, that at such point that she deems the restitution to be fully paid, that the United States would notify the Court of her position, and ask that the Court enter an order finding that the restitution in this case should be considered to be paid in full. The United States also represents that the NBA Players' Pension has

notified the United States that the amount currently due to the defendant is approximately $284,475.17 minus applicable tax withholding, as required to be withheld by the government.

By signing below, Ms. Bonner and Mr. Williams consent to the terms of this Order. By signing below, the defendant also represents that he is not currently legally married under the laws of the United States or any State in the United States. By signing below, Ms. Bonner represents that once she receives the pension funds as provided for in this Consent Order, she will consider that both the Restitution Order in this case and the child support Order previously entered by the District Court in Pasquotank County, North Carolina (File No. 92CVD358) on September 12, 2012, to be paid in full. Except for taking steps to have this Consent Order reflected appropriately in the State Court action, Mr. Williams has agreed that he will not take any other action to dispute or contest the payment of the restitution for child support as set out in this Order; and Ms. Bonner has agreed to not take any other steps to collect any additional child support from the defendant.

Therefore, for good cause shown, and with the consent of the United States, the defendant and the victim, the Court hereby enters the following ORDER:

1. The Consent Order previously entered by this Court on June 5, 2014 is hereby RESCINDED.

2. The National Basketball Association, NBA Players' Pension Plan shall pay 100% of the pension benefit currently available to the defendant as an unmarried person FORTHWITH, and no later than 3 business days after being served with a copy of this Order. Upon completion of this payment, the Garnishment Order previously entered by this Court will be considered to be complied with in full, and no further payments shall be made in connection with such Garnishment Order.

3. The Clerk of Court will transmit all such moneys to the Victim FORTHWITH, as previously ordered in the Judgment.

4. Upon payment of the funds received by the National Basketball Association, NBA Players' Pension Plan, and upon the payment of such funds to the victim, as set forth in this Order, the restitution shall be considered to be paid in full; and the Clerk shall make such adjustments to its records to reflect the same.

5. The United States Attorney shall serve a copy of this Order on the National Basketball Association, NBA Players' Pension Plan FORTHWITH.

SO ORDERED this **18** day of July, 2014.

TERRENCE W. BOYLE
United States District Judge

CONSENTED TO BY:

_____
G. Norman Acker, III
Assistant United States Attorney


_____
Kenneth Ray Williams, pro se

_____
Crystal Bonner, pro se (Owens)

CONSENTED TO BY:

_____
G. Norman Acker, III
Assistant United States Attorney

_____
Kenneth Ray Williams, pro se

_____
Crystal Bonner, pro se